IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00643-PAB-MJW

LANCE H. ROSS,

    Plaintiff,

v.

MICHAEL B. MUKASEY, Attorney General of the United States, and
AKAL SECURITY, INC.,

    Defendants.

_____

**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**
_____

This employment discrimination case comes before the Court on defendant Akal Security, Inc.'s motion and brief in support of sanctions [Docket Nos. 44, 45]. The Court's jurisdiction is proper under 28 U.S.C. § 1331 based on the existence of a federal question.

In his amended complaint [Docket No. 28], Mr. Ross alleges that he was discriminated against and ultimately removed from his position with his employer Akal Security due to a physical disability, in violation of the Americans with Disabilities Act. Defendant Akal Security argues that Mr. Ross' claim is time-barred. However, rather than filing a motion to dismiss under Federal Rule of Civil Procedure 12 or a motion for summary judgment under Rule 56, Akal Security filed the present motion arguing that plaintiff's claim should be dismissed with prejudice under Federal Rule of Civil Procedure 11. According to Akal Security, such a result is warranted because plaintiff "brought and continues to prosecute a claim that is clearly precluded under the ADA as

time-barred." Def.'s Mem. in Supp. of Mot. for Sanctions [Docket No. 45] ("Mot. for Sanctions") at 6.

According to the pertinent part of Rule 11,

> [b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).

While Rule 11 sets a threshold for the factual and legal assertions of a complaint, it is not a broad mechanism for testing the sufficiency of a plaintiff's claims. *See* 5A Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure § 1336.3 (3d ed. 2009) ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits."); *see also Truong v. Smith*, 28 F. Supp. 2d 626, 633 (D. Colo. 1998) (denying motion for sanctions because it invoked the merits of the case and "[s]uch arguments . . . are more properly presented in a motion for summary judgment under Rule 56").

Cases in this District have dismissed or, at least, entertained dismissing claims under Rule 11. *See, e.g.*, *Kettering v. Chaves*, No. 07-cv-01575-CMA-KLM, 2008 WL

4877005 (D. Colo. Nov. 12, 2008); *Stine v. United States*, No. 07-cv-00121-WYD-KLM, 2008 WL 2622766 (D. Colo. June 24, 2008); *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 246-47 (D. Colo. 1993).  However, the Rule-11 analyses in these cases were predicated on litigation abuses or other bad acts by plaintiffs or on claims that the attorney failed to make a reasonable inquiry into the factual or legal bases of the claim before filing the complaint.  These cases do not substantively review the merits of particular claims.  This distinction, while a fine one, is nonetheless important. *Cf. Cook*, 147 F.R.D. at 247 ("Rule 11 requires not that counsel *plead* facts but that counsel *know* facts after conducting a reasonable investigation – and then only enough to make it reasonable to press litigation to the point of seeking discovery.  Rule 11 neither modifies the 'notice pleading' approach of the federal rules nor requires counsel to prove the case in advance of discovery." (quoting *Frantz v. U.S. Powerlifting Fed'n*, 836 F.2d 1063, 1067-68 (7th Cir. 1987)) (emphases in original)).

In the present case, defendant's motion for sanctions, rather than challenging plaintiff's attorney's inquiry regarding the facts or legal bases supporting the claims, seeks dismissal based on a substantive conclusion: whether the claim is time-barred. In order to form a conclusion on this issue, the Court would be required, for the first time in the case, to make factual and legal findings based on the pleadings and the conflicting evidentiary assertions of the parties in a process that closely resembles the approach to a motion for summary judgment.  However, unlike a motion for summary judgment or other established means for addressing the merits of a case, Rule 11 lacks a framework under which factual issues may be settled.

Furthermore, unlike other merits-based analyses, Rule 11 does not provide a means by which a defendant may acquire Akal Security's desired relief, dismissal with prejudice. It has been widely held that "a Rule 11 sanction does not signify a district court's assessment of the legal merits of the complaint." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992); *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1553 (10th Cir. 1996). Therefore, generally speaking, "[e]ven if a district court indicated that a complaint was not legally tenable or factually well founded for Rule 11 purposes, the resulting Rule 11 sanction would nevertheless not preclude the refiling of a complaint." *Cooter & Gell*, 496 U.S. at 396. Stated more directly, "even if the Rule 11 sanction imposed by the court were a prohibition against refiling the complaint . . . , the preclusion of refiling would [not be] a consequence of the dismissal (which was without prejudice) . . . ." *Cooter & Gell*, 496 U.S. at 396-97. For this reason, defendant's motion to dismiss plaintiff's claims *with prejudice* is not appropriate under Rule 11.

Furthermore, even if the Court saw fit to sanction plaintiff by dismissing his claim or claims with a bar on re-filing, the Court still must be mindful of the Tenth Circuit's admonition that involuntary dismissals based on something other than the merits of a claim are disfavored. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("[D]ismissal or other final disposition of a party's claim is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." (internal quotation marks omitted)).

In order to effectuate the restricted policy on involuntary, non-merit-based dismissals, the Tenth Circuit has provided a number of factors a district court should consider in deciding whether that sanction is appropriate. These factors include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005); *see also Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (noting that explicit analysis of first three factors is mandatory). Because defendant has not provided sufficient information for the Court to make a reasoned application of these factors, any involuntary dismissal as a sanction would be inappropriate at this juncture.

Based on the discussion above, I conclude that defendant's Rule 11 motion is an inappropriate mechanism for its sought relief at this time. Instead, dismissal of plaintiff's claims with prejudice, if warranted, is more appropriately afforded through proper adjudication of their merits through dispositive motion or trial. *See, e.g.*, *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750 (7th Cir. 1988) (case cited by defendant in support of its motion for sanctions); *Harrison v. Luse*, 760 F. Supp. 1394 (D. Colo. 1991) (same).

Accordingly, it is

**ORDERED** that Akal Security, Inc.'s motion for sanctions under Federal Rule of Civil Procedure 11 [Docket No. 44] is DENIED.

DATED November 24, 2009.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge